```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
AVATAR SINGH, on behalf of himself and                      :
others similarly situated,                                  :
                                                            :
                              Plaintiff,                    :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
              - against -                                   :
                                                            :   18-cv-1059 (BMC)
ADAM BUILDER CORP. d/b/a Adam                               :
Construction Co., SAMMY KAHN, and                           :
JAMSHAID AKHTER, jointly and severally,                     :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff alleges that he was a construction worker for the defendant company and that the company is owned or managed by the individual defendants. He claims that defendants failed to pay him a minimum wage for some work periods, overtime wages, and spread-of-hours pay, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, or corresponding provisions of the New York State Labor Law ("NYLL"), §§ 190 and 650 *et seq.* He also claims that defendants failed to pay him timely, as both statutes require, and did not pay him the wage rate upon which the parties had agreed. The Clerk has entered a default based on each defendant's failure to answer, and before me is plaintiff's motion for a default judgment. The motion is granted.

## BACKGROUND

According to his complaint and affidavit in support of his motion for a default judgment, plaintiff worked as a construction worker for defendant Adam Building Company. He has adequately established that the individual defendants had the power to hire, fire, supervise, and

set and pay his wages. Plaintiff worked for Adam Building from September 10, 2016 through September 30, 2017.

When he commenced work, defendants verbally agreed to pay him $120 per eight-hour shift. His work days were to be Saturday through Thursday from 8:00 a.m. to 4:00 p.m. Nevertheless, defendants required plaintiff to work overtime each day, and he ended up working from 9 to 11 hour days. Plaintiff maintained a contemporaneous notebook of his hours, which is exhibited to the motion and confirms this; defendants did not maintain a time clock or other time recording mechanism as far as plaintiff knows.

Instead of paying $120 for an eight hour shift, defendants paid plaintiff miscellaneous amounts throughout his employment, which he also recorded in his notebook. At least two of the checks that they gave him bounced. Plaintiff quit because he was being paid so irregularly and inadequately.

## DISCUSSION

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of a complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Greyhound Exhibitgroup, 973 F.2d at 158; see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or

it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here. Plaintiff's affidavit with his notebook constitutes adequate proof of the time that he has worked, and his attorney has taken that narrative and created a spreadsheet showing each element of damages recoverable under the law. The total amount claimed is $119,177.77, consisting of unpaid wages; unpaid overtime; spread-of-hours premium; liquidated damages (under New York law only, see Rana v. Islam, 887 F.3d 118, 122-23 (2d Cir. 2018)); and 9% interest pursuant to New York law.

Plaintiff has also requested attorneys' fees in the amount of $7,878.75. This amount consists of 28.6 hours of attorney time, billed at $275 per hour (which is a reduction from counsel's usual rate of approximately $300 per hour). Both the amount of time and the claimed hourly rate are eminently reasonable considering the high quality of the work. The default motion here was far better than the typical default motion seen in FLSA cases. Although 28.6 hours may seem high for a case resolved on a default motion, the multiple elements of damages and the varying rates over time of plaintiff's employment required extra effort, and counsel saved the Court a lot of time that it sometimes has to be spend on these motions by laying everything out so clearly. The claimed costs of $547, consisting of the filing fee and fees for the process server, are also reasonable.

## CONCLUSION

Plaintiff's motion for a default judgment is granted. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of

3

$119,177.77 in damages, plus $7,878.75 in attorneys' fees and $547 in out-of-pocket costs, for a total of $127,603.52.

**SO ORDERED.**

                                                                                    U.S.D.J.

Dated: Brooklyn, New York
       May 14, 2018